The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which was entered into by the parties at the hearing as a:
 STIPULATION
The alleged incident occurred on July 15, 1992, at Wayne Correctional Institution.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On July 15, 1992, at approximately 4:15 p.m., plaintiff was in the custody of the North Carolina Department of Corrections and was housed at the Wayne Correctional Institution. On that date, plaintiff alleges that, as he was walking through the dormitory, he slipped on some liquid on the floor. At that time, he alleges that both feet slipped from under him and he fell on his back and could not move for a few minutes. He further alleges that he was assisted in standing by other inmates at the direction of Officer Smith the Dorm Officer at the time. Plaintiff alleges that after Officer Smith informed Sergeant Lofton, the named allegedly negligent employee, Sergeant Lofton refused to provide medical help until approximately five hours later. Plaintiff alleges that he was in severe pain during that period of time.
2. When plaintiff fell, he was near the dormitory exit door that exits to the shower area. He believes water was coming from that shower door area. Plaintiff indicated that he had never seen water on the floor at the spot before and was unaware of anyone else who had fallen on the floor at that point because of water or other liquid. Plaintiff did testify that there is normally a towel at the base of that door because they had had previous problems with water but there was not a towel there on that day.
3. After plaintiff's fall, he requested to see Sergeant Lenzy Lofton, the officer in charge at the time of the incident. Plaintiff spoke to Sergeant Lofton and related the circumstances surrounding his fall. Plaintiff then asked Sergeant Lofton to allow him to see a doctor. Sergeant Lofton looked at plaintiff's hand and back and told plaintiff that it did not appear that he was having any problems, and if it continued to hurt or worsen, to let Sergeant Lofton know. Sergeant Lofton did not observe plaintiff having any obvious problems with his wrist or hand, noting that plaintiff could move his hand and fingers, and had no obvious difficulty in walking and had walked down stairs to get to his office.
4. Sergeant Lofton called Officer Smith and told him that if plaintiff had a problem, Officer Smith should notify Sergeant Lofton. At that time, Officer Smith said that plaintiff was sitting on his bed, not lying down.
5. Eventually Officer Smith called Sergeant Lofton and indicated that the plaintiff was complaining that he was in severe pain. At that time, plaintiff was sent to the emergency room at Wayne Memorial Hospital. At Wayne Memorial, plaintiff was x-rayed and it was determined that he had no fractures, but had a bruised back and some pain. Plaintiff was instructed to report to sick hall the next day if he continued to experience discomfort. Plaintiff's activities have been limited since the time of his fall and he has been restricted to no heavy lifting as well as having his health grade demoted from A, as it was prior the fall, to B-minus. This means that plaintiff is not allowed to perform strenuous jobs. For several weeks plaintiff's food was brought up to him so that he would not have to go up and down stairs to eat. Eventually plaintiff was moved to a lower floor so that he would not have to climb stairs to get to the cafeteria.
6. Plaintiff has been treated for his back at Wayne Memorial Hospital Emergency Room, at the Central Prison Facility by Dr. Lincoln and Dr. Beloach, at Urgent Care in Goldsboro by Dr. Lee and has seen Dr. Price, a neurologist at Durham Regional Medical Center.
7. Plaintiff has failed to prove that Sergeant Lofton or any other agent or employee of defendant had notice that there was water on the floor where he fell or that the towel which is usually maintained near that area was missing.
8. Sergeant Lofton examined plaintiff in response to his complaints and noted that he was ambulating and able to move without obvious difficulty, monitored plaintiff's progress with the dormitory officer, and provided plaintiff access to medical care when his symptoms worsened.
9. Sergeant Lofton acted as a reasonably prudent person on July 18, 1992, in maintaining the floors and hallways of Wayne Correctional Institution and in investigating plaintiff's injuries and providing appropriate access to medical care.
 ***********
Based upon the foregoing stipulation and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The injuries plaintiff sustained as a result of his slip and fall on July 18, 1992, were not due to any negligence on the part of Sergeant Lofton.
2. At the time complained of there was no actionable negligence on the part of Sergeant Lofton or any named or unnamed employee, servant, agent or representative of defendant North Carolina Department of Corrections in the course of providing plaintiff access to medical care.
 ***********
Based on the foregoing stipulation, findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
This case shall be REMOVED from the Wake County hearing docket.
This ___ February 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS/jlr